UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                              )
                                                    )
    DESIDERIO LUCIO CAMACUARI            )    Case No. 09-19927-SSM
    BERTHA ALICIA MARTINEZ               )    Chapter 11
                                                    )
        Debtors                            )

## MEMORANDUM OPINION

Before the court is the motion of Bertha Alicia Martinez for a determination that life insurance proceeds payable to her from a policy exempted by her late husband is not property of the estate in her chapter 11 case. Although no objection was filed by creditors or the United States Trustee, the court took the motion under advisement to review the applicable law. For the reasons stated, the court concludes that the proceeds are property of Ms. Martinez's estate and are not exempt from the claims of her creditors.

Background

Desiderio Lucio Camacuari and Bertha Alicia Martinez are husband and wife who owned several restaurants. They filed a joint petition in this court on December 4, 2009, for relief under chapter 11 of the Bankruptcy Code. A plan has not yet been confirmed. Among the asserts listed on their schedules were two life insurance policies issued by New York Life Insurance Company and owned by Mr. Camacuari. The scheduled value of one was $2,038.20, and the scheduled value of the other was $1.00, representing in each instance the cash surrender value net of policy loans. The policies were claimed exempt on Schedule C in those amounts under the Virginia homestead exemption. A homestead deed executed by Mr. Camacuari was recorded

on January 11, 2010, that likewise claimed the policies exempt in those amounts. No objections were filed to any of the debtors' claimed exemptions.

Mr. Camacuari died on August 26, 2010. The present motion, which was filed on October 26, 2010, represents that Ms. Martinez is the beneficiary of both policies, with the benefit payable on one policy being $65,977.77, and the benefit payable on the second policy being $42,766.36. The motion seeks an order determining that the benefits are not property of her bankruptcy estate and authorizing the insurance company to pay the benefits to her "individually."

## Discussion

### A.

Property of the bankruptcy estate includes all legal and equitable rights of the debtor on the filing date of the petition. § 541(a)(1), Bankruptcy Code. It also includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . as a beneficiary of a life insurance policy or of a death benefit plan." § 541(a)(5)(C), Bankruptcy Code. And in a chapter 11 case of an individual, it further includes "all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first." § 1115(a)(1), Bankruptcy Code.

As filed, the present motion sought only a determination that the policy proceeds were not property of Ms. Martinez's bankruptcy estate because her entitlement to them did not

become fixed until more than 180 days after the chapter 11 petition was filed. In this connection, it is true that Ms. Martinez (because she was not the owner of the policies) did not become "entitled" to the death benefit until Mr. Camacuari's death. Since that occurred more than 180 days after the filing of the petition, the benefits indeed do not come into the bankruptcy estate under § 541(a)(5)(C). And, had she filed a bankruptcy petition under chapter 7, that would be the end of the story. But because this is a chapter 11 case, *all* property that she acquires prior to the closing of the case becomes property of the estate. § 1115(a), Bankruptcy Code. Thus, unless the life insurance proceeds either have been or can be claimed exempt, they are property of the estate to which creditors may look for payment of their claims.

B.

In a supplemental memorandum filed shortly before the hearing, Ms. Martinez's counsel addressed this precise issue and argued that, because Mr. Camacuari had properly exempted the life insurance policies, any benefits payable under the policy were likewise exempt. In support of the proposition that the husband's exemption of the cash value of the two policies extends to the benefits payable to the wife by reason of his death, the debtor relies on the Fourth Circuit's opinion in *BancOhio National Bank v. Walters*, 724 F.2d 1081 (4th Cir. 1984). The reliance upon *Walters*, however, is misplaced. In *Walters*, the debtor husband was *both* the owner and the beneficiary of eleven policies insuring the life of his son, who died seven days after the bankruptcy petition was filed. After the son died, the debtor husband amended his schedules (which previously had not even listed the policies) to claim the policies as exempt under § 522(d)(7), Bankruptcy Code, which allows debtors (in those states that have not opted out of the

federal exemption scheme)[1] to exempt "[a]ny unmatured life insurance contract owned by the debtor." BancOhio objected and argued that, because the son had died within 180 days after the filing of the petition, the proceeds payable to the debtor husband came into the bankruptcy estate under § 541(a)(5). As the Fourth Circuit analyzed the issue, however, the exemption provided by the Bankruptcy Code with respect to unmatured life insurance contracts was "dominant" over the provision bringing after-acquired property into the estate. *Id*. at 1083. The Court further agreed with the bankruptcy court and the district court that "the proceeds derived from such policies 'owned by the debtor and claimed by him as exempt . . . flow as an incident of ownership of the contract to the debtor rather than to the estate.'" *Id.* The Court made it clear, however, that the result reached was dependent on the debtor being *both* the owner and the beneficiary of the policies:

> We are satisfied that this result does not offend the operation of § 541(a)(5) since proceeds from like insurance policies *not* owned by the debtor would be included in the estate. As the bankruptcy court stated, if the debtor fulfills his contractual obligations, payment of premiums, he should not be denied the benefits of the contractual relationship. In this sense, proceeds do not represent a windfall, *as they would in the case where the debtor does not own or pay premiums on the policies.*

*Id.* (emphasis added).

In the present case, by contrast, Ms. Martinez was *not* the owner of the two policies, and the benefits payable to her did not flow as an incident of ownership. The fact that a joint case

---

[1] In theory, a debtor may elect either the exemptions available under state law or a set of exemptions provided by the Bankruptcy Code itself (the so-called "federal exemptions"). § 522(b)(1), Bankruptcy Code. A state, however, may "opt out" of allowing its residents to claim the federal exemptions, thereby limiting debtors in that state to the exemptions available under state law and general (non-bankruptcy) federal law. § 522(b)(2), Bankruptcy Code; *In re Smith*, 45 B.R. 100 (Bankr. E.D. Va. 1984). Virginia has done precisely that. Va. Code Ann. § 34-3.1. Thus, the particular exemption at issue in *Walters* is not available to the debtors in this case.

was filed does not change the result. Although the estates of a husband and wife who file a joint petition may be jointly administered, Fed.R.Bankr.P. 1015(b), joint administration is a mere procedural convenience and does not effect a substantive consolidation of the assets and debts of the two spouses. *In re Thomas*, 261 B.R. 848, 853 (Bankr. E.D. Va. 2001), *rev'd on other grounds*, *Thomas v. Peyton*, 274 B.R. 450 (E.D. Va. 2001), *aff'd*, *In re Bunker*, 312 F.3d 145 (4th Cir. 2002). The husband's debts and property remain his, and the wife's debts and property remain hers. *Id.* A debtor, furthermore, may exempt only property he or she owns. Thus, in a joint case a husband may not claim an exemption in his wife's property, or vice-versa. *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983); *see also In re Heath*, 101 B.R. 469, 471 (Bankr. W.D. Va. 1987) (husband and wife not entitled to an aggregate $10,000 exemption without regard to ownership of particular assets); *In re Wilkinson*, 100 B.R. 315, 316-17 (Bankr. W.D. Va. 1989) (wife could not claim exemption in husband's property on theory that in a divorce she could claim an equitable distribution interest).

Although not raised by Ms. Martinez, the court has considered whether the proceeds of the polices would be exempt under a separate Virginia statute which provides that the "lawful beneficiary of an insurance policy shall be entitled to its proceeds against any claims of the creditors or representatives *of the insured.*" Va. Code Ann. § 38.2-3122 (emphasis added). But the plain language of this statute protects the proceeds of a life insurance policy only against creditors of the *insured* (that is, Mr. Camacuari), not creditors of the *beneficiary*. Thus, although the proceeds are free from any claims of Mr. Camacuari's creditors, they are not free from the claims of Ms. Martinez's creditors.

The court does note that although the policy proceeds are not exempt in Ms. Martinez's hands based solely on Mr. Camacuari's homestead exemption of the cash value, they are potentially exemptible by Ms. Martinez to the extent of any unused homestead exemption she may have.[2] *Ames v. Custis (In re Custis)*, 87 B.R. 415, 416 (holding that the time limit in § 34-17, Code of Virginia, for claiming Virginia homestead exemption does not apply when debtor became entitled to life insurance proceeds after statutory deadline had passed). Thus, if Ms. Martinez has not exhausted her homestead exemption, she may amend her homestead deed to claim the proceeds exempt up to the amount of her unused exemption.

C.

The court is certainly sympathetic to Ms. Martinez's loss and to her understandable desire to secure her financial future to the maximum extent possible. But the price of the protection offered by the Bankruptcy Code from creditor enforcement efforts is the liability of non-exempt assets for the payment of creditor claims. In the present case, a plan has not yet been filed, and it is possible that creditors may vote in favor of a plan that allows Ms. Martinez to keep all or some portion of the proceeds. But the issue before the court is much narrower. It is simply whether the proceeds of the two life insurance policies owned and exempted by Mr. Camacuari are part of Ms. Martinez's bankruptcy estate. For the reasons stated, the court concludes that they are, subject to Ms. Martinez's right to amend her homestead deed to claim

---

[2] Under the Virginia homestead exemption, a resident of Virginia may hold exempt from creditor process up to $5,000 of real or personal property by filing for record in the appropriate circuit court an instrument known as a homestead deed identifying the property. Va. Code Ann. §§ 34-4, 34-6, 34-13, 34-14. The exemption amount is increased to $10,000 if the debtor is 65 years of age or older. Va. Code Ann. § 34-4. An additional $500 may be claimed for each dependent the debtor supports and a further $10,000 if the debtor is a disabled veteran. Va. Code Ann. § 34-4, 34-4.1.

the proceeds exempt up to the unused amount of her homestead exemption.  A separate order will be entered consistent with this opinion.

Date: _____          _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge

Copies to:

Bertha Alicia Martinez
4614 Deming Avenue
Alexandria, VA 22312
Debtor in possession

Janet M. Meiburger, Esquire
The Meiburger Law Firm, P.C.
1493 Chain Bridge Rd. Suite 201
McLean, VA 22101
Counsel for the debtor

Jack Frankel, Esquire
Office of the U.S. Trustee
115 South Union Street, Ste. 210
Alexandria, VA 22314